MIECZYSLAW FILA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fila v. Commissioner
Docket No. 13314-86.
United States Tax Court
T.C. Memo 1988-32; 1988 Tax Ct. Memo LEXIS 32; 55 T.C.M. (CCH) 1; T.C.M. (RIA) 88032; February 1, 1988; As Amended February 22, 1988 Mieczyslaw Fila, pro se. Mark Humphrey, for the respondent. FAY
MEMORANDUM [Text Deleted By Court Emendation] FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined deficiencies in petitioner's Federal income tax as follows: Tax Year
Deficiency
1982
2,140
1983
4,463
1984
4,023
After concessions, [1] the sole issue for decision is whether petitioner, a resident alien of the U.S. for the taxable years at issue, is entitled to claim personal exemptions for *34 his children living in Poland. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a citizen of Poland and a resident alien of the United States during the taxable years at issue. Petitioner resided in Chicago, Illinois, at the time of filing this petition. Petitioner, while living in Poland, married a citizen of Poland in 1967. Petitioner has four children from that marriage who are also citizens of Poland. Petitioner left Poland in 1978 and resided in the United States during the taxable years at issue, while petitioner's wife and children resided in Gdansk, Poland. Petitioner supported his family during these years by sending them money and provisions. In preparing his 1982, 1983, and 1984 Federal income tax returns, petitioner read and relied on Internal Revenue Service Publications *35 519 (U.S. Tax Guide for Aliens) and 501 (Exemptions) (hereinafter collectively referred to as "IRS publications"). These IRS publications explain, among other things, the requirements for claiming a personal exemption by a resident alien taxpayer. The IRS publications state that a resident alien taxpayer may claim personal exemptions according to the same rules as apply to U.S. citizens. The IRS publications also state that a dependent of a resident alien must be a resident of the United States, Canada, or Mexico. Based on petitioner's understanding of these requirements, he claimed his children as dependents for all of the years at issue. Respondent disallowed the dependency exemptions on the grounds that none of petitioner's children were citizens, nationals, or residents of either the United States or certain other countries and determined the above stated deficiencies in petitioner's Federal income tax. [2]
OPINION In certain situations, section 151(e) [3] allows a taxpayer an exemption for each dependent. As is relevant here, dependent is defined as a son or daughter of the taxpayer. Sec. 152(a)(1). Excluded from the definition of dependent *36 is any individual who is not a citizen or national of the United States, unless they are residents of the United States or certain other countries, not including Poland. Sec. 152(a)(3). None of petitioner's four children is a citizen or national of the United States and all are residents of Poland. Accordingly, all are excluded from the definition of dependent and petitioner is not entitled to claim a personal exemption for any of them. Petitioner argues that he should be permitted to claim his children as dependents because he contends the IRS publications are misleading in that they state that a resident alien taxpayer may claim personal exemptions according to the same rules as apply to U.S. citizens. Petitioner's argument is not well taken because U.S. citizens are precluded, just as petitioner is precluded, from claiming children living in Poland, who are not U.S. citizens *37 or nationals, as dependents. Sec. 152(b)(3). At any rate, petitioner's argument is basically an estoppel argument. Without delving into the many requirements for the applicability of estoppel in this Court, we hold that estoppel is not here applicable. See . Further, petitioner's reliance on the IRS publications is misplaced as we have held that such publications are not authoritative law in the tax field and may not be relied upon by a taxpayer. , and the cases cited therein.[4] Since petitioner's children are not his dependents, petitioner is not entitled to exemptions for his children. Petitioner presented his case ably. His lack of success is the result of the fact that the statute as written by Congress does *38 not allow an exemption for children living in Poland where such children are neither nationals or citizens of the United States. To reflect the foregoing, Decision will be entered [Text Deleted By Court Emendation] under Rule 155.
Footnotes
1. Respondent has conceded additions to tax under section 6653(a)(1) and 6653(a)(2) and has conceded petitioner may claim a personal exemption for his wife. Petitioner has conceded that he is not entitled to claim a personal exemption for his mother-in-law. ↩
2. See n.1 supra.↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question. Section 151(e) has been redesignated as section 151(c) by section 103(b) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2103. ↩
4. We held in quoting , no "interpretation by taxpayers of the language used in government pamphlets [can] act as an estoppel against the government, nor [can it] change the meaning of taxing" statutes. ↩